UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HOLLY GREGORY, individually and
on behalf of all others similarly situated,

                                    COMPLAINT

                        Plaintiff,

        -against-                       Civil Action No.  7:14-cv-33 (TJM/ATB)

STEWART'S SHOPS CORP.

                        Defendant.
_____

Plaintiff asserts the following as her Complaint against defendants:

## **INTRODUCTION**

1.     Plaintiff brings this action on behalf of herself and all others similarly situated for violations of State and Federal wage and hour laws.

2.     Specifically, defendant has systematically failed to pay its workforce for all hours worked in violation of State and Federal law.

3.     The failure to pay workers for all hours worked results in employees being compensated below the State and Federal minimum wage.

4.     Defendant has also willfully violated New York State Law related to mandatory meal breaks.  Upon information and belief, defendant has received a special permit from the Department of Labor to allow for paid 20 minute meal breaks under certain circumstances.  However, defendant does not provide the 20 minute breaks let alone the State required breaks of 30 or 45 minutes.

5.     Defendant has further violated State and Federal law by failing to pay uniform maintenance pay as required by law.

1

6.      Plaintiff was employed with defendant at the West Carthage, New York store as a non-exempt hourly employee.

7.      Throughout her employment, plaintiff consistently was deprived pay for hours she worked.

8.      For example, plaintiff routinely worked the night shift where she was expected to close the Store.  The store was to close at 11:30 p.m. and pursuant to the Store's schedule, plaintiff was to be off duty at 11:45 p.m.

9.      However, because of the amount of work required to close the Store, most nights plaintiff closed she ended up working until 12:30 or 1:00 a.m.  Plaintiff was never compensated for this additional work time.  Plaintiff therefore averaged one hour of additional uncompensated work each time she closed the Store.

10.     Plaintiff brought the issue up to her Store Manager, the Store Assistant Manager, and, her District Manager but was repeatedly told that she would not be compensated for the time.

11.     In addition, defendant has a policy in which it expects its employees to show up early for scheduled shifts in order to discuss work tasks and to make sure there is a smooth transition into the next shift.  Likewise, at the end of each shift defendant expects its employees to stay past their shift in order to make sure there was a smooth transition into the next shift.  This policy, referred to by defendant as "Hand Off Don't Run Off!!!" results in a systematic and widespread reduction in employee compensation as employees are not paid for this shift-change overlap time.  On average plaintiff worked an extra 15 minutes per day of uncompensated shift-change overlap time.

12.     Plaintiff was not compensated for this extra work time because defendant does not use a time clock or time punch system—rather, employees are paid based upon the hours they are scheduled to work and are discouraged from making changes to the schedule to reflect time actually worked.

13.     Even though defendant is aware that employees are performing work during breaks and/or before or after their regular shifts, they fail to compensate them for their work, electing instead to accept the benefit of the uncompensated work.

## JURISDICTION AND VENUE

14.     Plaintiff Holly Gregory is an individual that resides in Lewis County, New York.

15.     Upon information and belief, defendant Stewart's Shops Corp. is a domestic business corporation with its principal place of business and headquarters located in Saratoga County, New York.

16.     Upon information and belief, the wage and hour violations adversely affect approximately 4500 employees throughout 330 convenience stores in New York and Vermont.

17.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. § 201 et. seq.

18.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over New York State wage and hour claims because such claims derive from a common nucleus of operative facts.

19.     Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## FAIR LABOR STANDARDS COLLECTIVE ACTION ALLEGATIONS

20.    Plaintiff on behalf of herself and all those similarly situated, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

21.    Plaintiff brings this FLSA collective action on behalf of herself and all those similarly situated pursuant to 29 U.S.C. § 207 and 216(b), and specifically on behalf of:

> all persons who work or have worked as a non-exempt employee for defendant in one of its convenience stores in the past three years. (the "FLSA Class").

22.    Excluded from the FLSA Class are defendant, its officers, directors, legal representatives, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in defendant.  Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the FLSA Class.

23.    Plaintiff is unable to state the exact number of the class without discovery of defendant's books and records but estimates the class to be approximately 4500 individuals.

24.    Defendant required plaintiff and the FLSA Class members to work during required meal periods and to perform work for which they were not fully compensated.

25.    The FLSA requires that employees be paid a minimum wage.  Defendant violated this requirement by failing to compensate employees for all hours worked.

26.    Further, plaintiff and the FLSA Class members further had their income reduced below the minimum wage because defendant failed to reimburse its employees for uniform maintenance costs.

27.    Defendant's unlawful conduct has been widespread, repeated and consistent.

28.     Defendant's conduct was willful and in bad faith and has caused significant damages to plaintiff and all members of the FLSA Class.

29.     Defendant is liable under the FLSA for failing to properly compensate plaintiff and the FLSA Class and as such notice should be sent out to the FLSA Class.

30.     There are numerous similarly situated, current and former employees of defendant who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and be provided an opportunity to join in the action.  The FLSA Class members are known to defendant and should be easily identified through defendant's books and records.


## NEW YORK CLASS ACTION ALLEGATIONS

31.     Plaintiff on behalf of herself and all those similarly situated, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

32.     Plaintiff brings this class action on behalf of herself and all those similarly situated pursuant to Rule 23 on behalf of a class consisting of:

> all persons who work or have worked as a non-exempt employee for defendant in one of its convenience stores located in the State of New York in the past six years. (the "New York Class").

33.     Excluded from the New York Class are defendant, its officers, directors, legal representatives, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in defendant.  Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the New York Class.

34.     Plaintiff is unable to state the exact size of the class without discovery of defendant's books and records but estimates the class to be approximately 4000 individuals. Therefore, the members of the New York Class are so numerous that joinder of all members in one proceeding is impracticable.

35.     Plaintiff's claims are typical of the claims for the New York Class members because: (a) they are likewise non-exempt employees who were not compensated for work performed; (b) were subjected to the same inaccurate time-keeping system; (c) were routinely permitted and asked to work during their breaks and were therefore deprived of wages; (d) were deprived of uniform maintenance pay; (e) were not provided mandatory disclosure and wage statements pursuant to the New York Labor Law and the New York State Wage Theft Protection Act; and, (f) were not paid the minimum wage.

36.     The damages suffered by plaintiff and the New York Class members are similar in that all class members have been deprived of wages and mandatory disclosures as a result of the common policies, practices and patterns of conduct by defendant.

37.     Plaintiff will fairly and adequately protect the interests of the New York Class.

38.     Plaintiff has retained competent counsel with experience in class action and wage hour litigation.

39.     There is no conflict between plaintiff and the New York Class.

40.     Common questions of law and fact exist as to the New York Class that predominates over any questions solely affecting them individually.  Specifically, the factual and legal issues common to the class involve:  (a) whether defendant failed and/or refused to pay plaintiff and the New York Class for all of the compensable time that they

worked for defendant; (b) whether defendant failed to keep true and accurate time records for all hours worked as required by New York Law; (c) whether defendant complied with the posting and written notice requirements of the New York State Wage Theft Protection Act; (d) whether defendant complied with posting requirements under the New York State Labor Law; (e) whether defendant engaged in a pattern and/or practice in New York of forcing, coercing, and/or permitting members of the New York Class to perform work for defendant's benefit which was not compensated; (f) whether defendant's policy and practice of failing to pay  workers for all hours worked was instituted willfully or with reckless disregard of the law; and (g) the nature and extent of class-wide injury and measure of damages for those injuries.

41.    Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail.  Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.   Members of the New York Class are readily ascertainable to defendant and should be easily identified through defendant's books and records.

42.     Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual members of the New York Class that would establish incompatible and unpredictable standards of conduct for defendant.

43.     Without a class action, defendant will retain the benefits of their wrongdoing and will continue to engage in the unlawful practices outlined in this Complaint with impunity, resulting in further damage to members of the New York Class.

44.     Appropriate notice will be sent to all members of the New York Class as required by Federal Rule of Civil Procedure, Rule 23.

## FIRST CAUSE OF ACTION

(FLSA collective action on behalf of Plaintiff and FLSA Class)

45.     Plaintiff on behalf of herself and the FLSA Class re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46.     Plaintiff hereby consents in writing to be a part of this action pursuant to 29 U.S.C. § 216(b), and attached hereto as Exhibit A is a copy of plaintiff's opt-in notification.

47.     The FLSA requires each covered employer such as defendant to compensate all non-exempt employees for all hours worked.

48.     The FLSA also requires each non-exempt employee to be paid at the minimum wage for all hours worked.

49.     The FLSA also requires employers to reimburse its employees for uniform maintenance costs where the failure to do so results in a reduction of wages below the minimum wage.

50.     By failing to properly account for all hours worked defendant regularly and consistently failed to pay plaintiff and members of the FLSA Class for all hours worked.

51.     By failing to properly account for all hours worked and by pushing the cost and expense of maintaining required uniforms onto its employees, defendant has consistently failed to pay wages to plaintiff and the FLSA Class at the minimum wage.

52.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

53.     Defendant is liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

54.     Plaintiff on behalf of herself and the FLSA Class seeks damages in the amount of their unpaid wages, interest, and such other legal and equitable relief this Court deems just and proper.

55.     Plaintiff on behalf of herself and the FLSA Class seeks liquidated damages in an amount equal to their actual damages.

56.     Plaintiff on behalf of herself and the FLSA Class seeks punitive damages in an amount to be decided by the Court.

57.     Plaintiff on behalf of herself and the FLSA Class seeks recovery of attorneys' fees, disbursements and costs, to be paid by defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

(State law class action on behalf of Plaintiff and New York Class)

58.   Plaintiff on behalf of herself and the New York Class re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59.   Pursuant to New York Labor Law §§ 190, 191, 193, 195.1, 198 and 650 et. seq., defendant has willfully failed to pay plaintiff and the New York Class for all hours worked.

60.   New York Law requires each covered employer such as defendant to compensate all non-exempt employees for all hours worked.

61.   New York Law also requires each non-exempt employee to be paid at the minimum wage for all hours worked.

62.   New York Law also requires employers to reimburse its employees for uniform maintenance costs where the failure to do so results in a reduction of wages below the minimum wage.

63.   By failing to properly account for all hours worked defendant regularly and consistently failed to pay plaintiff and members of the New York Class for all hours worked.

64.   By failing to properly account for all hours worked and by pushing the cost and expense of maintaining required uniforms onto its employees, defendant has consistently failed to pay wages to plaintiff and the New York Class at the minimum wage.

65.   Defendant is liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

10

66.    Defendant also failed to provide plaintiff and members of the New York Class with the required written notices under the New York State Wage Theft Protection Act. Specifically, the Act requires new hires to be provided with a written notice stating in pertinent part:  the employee's rate or rates of pay, including the employee's overtime rate of pay (for all non-exempt employees); the basis for the employee's rate of pay (for example, by the hour, shift, day, week, salary, or commission); the statutory exemption that applies, if any;  any allowances claimed as part of the minimum wage (e.g., tips, meals, etc.); the regular pay day designated by the employer; the employer's name, including any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the employer's telephone number.

67.    This same notice must be provided to all existing employees each year no later than February 1st and if the employer makes any changes to the information contained in the notice and such changes are not reflected in the employee's payroll statements, the employer must give the employee written notice of the change at least seven (7) days before the change becomes effective.

68.    Plaintiff and the New York Class members were not given written notices in compliance with the law.

69.    Defendant provided plaintiff and the members of the New York Class with uniforms but did not pay to have the uniforms laundered nor did Defendant provide each employee with a sufficient number of uniforms (i.e. a number of uniforms equal to the number of days the employee regularly works per week) to avoid paying the statutory uniform maintenance fee.

70.     The foregoing conduct, as alleged, constitutes willful violations of the New York Law.

71.     Plaintiff on behalf of herself and the New York Class seeks damages in the amount of their unpaid wages, interest, and such other legal and equitable relief this Court deems just and proper.

72.     Plaintiff on behalf of herself and the New York Class seeks liquidated damages in an amount equal to their actual damages.

73.     Plaintiff on behalf of herself and the New York Class seek statutory penalties of $2500.00 for each class member for defendant's failure to provide legally compliant written statements pursuant to New York Labor Law 195.1.

74.     Plaintiff on behalf of herself and the New York Class seeks uniform maintenance pay in the amount prescribed by law ($9.00 per week for work weeks over 30 hours; $7.10 per week for work weeks of more than 20 hours but not more than 30 hours; and, $4.30 per week for work weeks of 20 hours or less).

75.     Plaintiff on behalf of herself and the New York Class seeks recovery of attorneys' fees, disbursements and costs, to be paid by defendant, as provided by New York Labor Law § 198.

76.     Plaintiff on behalf of herself and the New York Class seeks punitive damages in an amount to be decided by the Court.

WHEREFORE, plaintiff respectfully requests an Order and Judgment:

**FIRST CAUSE OF ACTION**

A.      Designating this action as a collective action on behalf of the FLSA Class and issuing prompt notice to all persons who work or have worked as a non-exempt employee for a Stewart's Shops Corp. convenience store in

the past three years. This notice should inform the FLSA class that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

B.    Designating Plaintiff Holly Gregory as the Representative of the FLSA Class;

C.    Appointing Hacker Murphy, LLP as Lead Counsel for the FLSA Class;

D.    Declaring that defendant has violated the federal minimum wage provisions of the FLSA;

E.    Awarding plaintiff and the FLSA Class damages for the difference between the full hourly wage as mandated by the FLSA, and the hourly wages actually paid to the plaintiff and the FLSA Class for the hours they worked;

F.    Awarding plaintiff and the FLSA Class liquidated damages under the FLSA;

G.    Awarding plaintiff and the FLSA Class punitive damages under the FLSA;

H.    Awarding plaintiff and the FLSA Class their attorneys' fees, expert fees, costs, and disbursements pursuant to 29 U.S.C. § 216.

I.    Awarding pre-judgment and post judgment interest, as provided by law;

J.    Enjoining defendant from harassing, intimidating, threatening and terminating members of the FLSA Class because they have exercised their rights under the FLSA; and

K.    Awarding all other relief as this Court shall deem just and proper.


**SECOND CAUSE OF ACTION**

A.    Certifying this action as a class action under Rule 23;

B.    Appointing plaintiff Holly Gregory as the class representative of the New York Class;

C.    Appointing Hacker Murphy, LLP as Lead Counsel for the New York Class;

D.      Declaring that defendant has violated the minimum wage provisions of the New York Labor Law;

E.      Awarding plaintiff and the New York Class damages for the difference between the full hourly wage as mandated by law, and the hourly wages actually paid to the plaintiff and the New York Class for the hours they worked;

F.      Awarding plaintiff and the New York Class liquidated damages under the New York Labor Law;

G.      Awarding plaintiff and the New York Class punitive damages under the New York Labor Law;

H.      Awarding plaintiff and each member of the New York Class statutory penalties of $2500.00 for defendant's failure to provide legally compliant written statements pursuant to New York Labor Law 195.1;

I.       Awarding plaintiff and each member of the New York Class uniform maintenance pay in the amount required by law ($9.00 per week for work weeks over 30 hours; $7.10 per week for work weeks of more than 20 hours but not more than 30 hours; and, $4.30 per week for work weeks of 20 hours or less).

J.       Awarding plaintiff and the New York Class their attorneys' fees, expert fees, costs, and disbursements pursuant to the New York Labor Law.

K.      Awarding pre-judgment and post judgment interest, as provided by law;

L.      Enjoining defendant from harassing, intimidating, threatening and terminating members of the New York Class because they have exercised their rights under the New York Labor Law; and

M.      Awarding all other relief as this Court shall deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated:  January 7, 2014                                    HACKER MURPHY, LLP

                                                                  _____**/s/**_____
                                                                  Ryan M. Finn, Esq.
                                                                  NDNY Bar Roll Number:  513670
                                                                  rfinn@hackermurphy.com
                                                                  7 Airport Park Blvd.
                                                                  Latham, NY 12110
                                                                  518.213.0115