**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**HOLLY GREGORY, MATTHEW POTTER,
and ASTRID HALTEN, individually and on
behalf of all others similarly situated,**

          **Plaintiffs,**

 **v.**                   7:14-cv-00033

**STEWART'S SHOPS CORPORATION,**

          **Defendant.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**


## DECISION & ORDER

### I. INTRODUCTION

  Plaintiffs Holly Gregory, Matthew Potter, and Astrid Halten (collectively "Plaintiffs") commenced this action asserting claims under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York state law. Defendant Stewart's Shops Corporation ("Defendant") moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' claims. Plaintiffs have opposed the motion, and Defendant has replied. The Court has considered the parties' submissions and decides the instant motion without the need for oral argument. For the reasons that follow, Defendant's motion is granted in part and denied in part.

### II. BACKGROUND

  Plaintiffs are non-exempt hourly employees of the Stewart's Shops Corporation. They bring various wage related claims on behalf of themselves and other employees who

1

are alleged to be similarly situated. For purposes of this motion, the Court accepts as true the factual allegations set forth in the First Amended Complaint ("FAC"). The Court will set forth the specific factual allegations pertinent to each claim as the claim is addressed below.

**III. STANDARD OF REVIEW**

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted). This tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While Rule 8(a) (2) "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-harmed-me-accusation." *Id.* (citation and internal quotation marks omitted). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint which "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* (citation omitted).

## IV. DISCUSSION

### a. Overtime Claims

Defendant moves to dismiss Plaintiffs' overtime claims, arguing that the allegations in the FAC are insufficient. In *Lundy v. Catholic Health System of Long Island*, the Second Circuit held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d 106, 114 (2d Cir. 2013). The Circuit found insufficient allegations that a plaintiff was "typically" scheduled to 37.5 hours per week but would "occasionally" work an additional 12.5 hours because plaintiff did not indicate "how occasionally" she worked such additional hours, and did not allege "that she was denied overtime pay in any such particular week." *Id.,* at 114-15.

In *Nakahata v. New York-Presbyterian Healthcare System*, the Second Circuit affirmed the district court's dismissal of a FLSA overtime claim because the plaintiffs merely alleged that they "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours." *Nakahata*, 723 F.3d 192, 199 (2d Cir.2013). The Circuit held that "[t]o plead a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201.

In *DeJesus v. HF Management Services, LLC*, the plaintiff alleged that she worked "more than forty hours per week during 'some or all weeks' of her employment" and was not paid time-and-a-half for each hour in excess of forty hours. *DeJesus*, 726 F.3d 85, 87 (2d

3

Cir. 2013). The Circuit held that these bare allegations amounted only to a recitation of the statutory language of the FLSA and were insufficient to state a claim. *DeJesus*, 726 F.3d at 89. The *DeJesus* Court explained that under *Lundy*'s requirement that a plaintiff "allege overtime without compensation in a 'given' workweek," plaintiffs are required to provide "some factual context that will 'nudge' their claim 'from conceivable to plausible.'" *DeJesus*, 726 F.3d at 90 (quoting *Twombly*, 550 U.S. at 570). To satisfy this standard, plaintiffs are not required to keep careful records and plead their hours with mathematical precision, but they are required to draw on their memory and experience to provide complaints with "sufficiently detailed factual allegations." *DeJesus*, 726 F.3d at 90.

Plaintiffs assert that Defendant requires its employees to do specific tasks when they open a store for the day, when they close it for the day, and when their shifts begin or end during the day. *See* FAC ¶¶ 12-16. In this regard, Plaintiffs contend that Gregory "routinely worked the night shift" where she was expected to close a store at 11:30 p.m. and be off duty at 11:45 p.m. FAC ¶ 12. "However, because of the amount of work required to close the Store, most nights Ms. Gregory closed [*sic*] she ended up working until 12:30 or 1:00 a.m. Ms. Gregory was never compensated for this additional work time." FAC ¶ 13. Plaintiffs further contend that "Ms. Gregory averaged one hour of additional uncompensated work each time she closed the Store." *Id.*

Plaintiffs also allege that "on average plaintiff Holly Gregory worked an extra 15 minutes per day of uncompensated shift-change overlap time." FAC ¶ 17; "on average plaintiff Matthew Potter worked 30-45 minutes per day of uncompensated shift-change time." FAC ¶ 18; and "on average plaintiff Astrid Halten worked 30-45 minutes per day of

4

uncompensated shift-change time." FAC ¶19. Moreover, Plaintiffs contend that Defendant failed to compensate "employees" for work performed during breaks, FAC ¶ 21, and while doing functions for the employer such as running errands. *See* FAC ¶ 37.[1] Plaintiffs assert:

> By failing to properly account for all hours worked and by pushing the cost of business expenses and uniform maintenance costs onto its employees, defendant has consistently failed to pay wages to plaintiff [*sic*] and the FLSA Class[2] at the minimum wage and consistently failed to pay the correct amount for overtime pay.

FAC ¶ 64.

These allegations are insufficient to state viable claims for unpaid overtime under the FLSA or NYLL. *See Lundy,* 711 F.3d at 114-15; *Nakahata*, 723 F.3d at 201; *DeJesus*, 726 F.3d at 90*; see also DeJesus*, 726 F.3d at 89 n. 5 ("In light of the fact that [t]he relevant portions of New York Labor Law do not diverge from the requirements of the FLSA, [the Court's] conclusions ... about the FLSA allegations appl[y] equally to [the NYLL] state law claims.")(internal quotation marks and citations omitted).

However, Plaintiffs also allege:

Plaintiff Astrid Halten was deprived of overtime premiums for the week ending December 4, 2011. In that specific week Astrid Halten worked 46.75 hours. Ms. Halten was therefore entitled to 6.75 hours of overtime at a rate of $12.75 per hour. However, her pay check only reflects 1.25 hours of overtime.

---

[1] Plaintiffs allege:

Defendant routinely requires its employees to make bank runs; perform gas comp checks; as well as pick-up and/or drop off supplies from other stores. Defendant routinely fails to pay its employees for such activities nor does defendant reimburse the employees for expenses incurred for such services (i.e., mileage).

FAC ¶ 37.

[2] No FLSA class has been certified in this matter.

5

FAC ¶ 66.³ And,

> Plaintiff Matthew Potter was deprived of overtime premiums for the week ending January 27, 2013. In that specific week Matthew Potter worked 45.5 hours. Mr. Potter was therefore entitled to 5.5 hours of overtime at a rate of $18.00 per hour. However, his paycheck does not include any overtime pay.

FAC ¶ 67.⁴

These additional allegations are sufficient to nudge Halten and Potter's overtime claims beyond the *Lundy/Nakahata/DeJesus* threshold. Yet, there are no such allegations relative to Gregory, and the allegation that she "regularly" works overtime for which she is not paid is insufficient.⁵ Accordingly, Defendant's motion to dismiss Gregory's overtime claims is granted. Because it is possible that she could plead a cognizable overtime claim consistent with Second Circuit case law, and despite that she has already filed an amended complaint, the dismissal is without prejudice to repleading.

**b. Minimum Wage Claims**

Defendant also moves to dismiss Plaintiffs' minimum wage claims. The FLSA requires employers to pay employees a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1). Similarly, NYLL § 652 sets forth the minimum wage rate for New York State. "For minimum-wage recovery under the FLSA, the pertinent question is whether the amount of compensation received by an employee results in a straight-time hourly rate that is less

---

³ Plaintiffs also allege: "The overtime violation is compounded by the fact that Astrid Halten was also required to pay uniform maintenance costs and other business expenses."

⁴ Plaintiffs also allege: "The overtime violation is compounded by the fact that Matthew Potter was also required to pay uniform maintenance costs and other business expenses."

⁵This is no merit to Plaintiffs' contention that they should be excused from the pleading standard because Defendant allegedly kept inadequate pay records. As cited in Plaintiffs' memorandum of law, "Plaintiffs' initial burden is not a heavy one and can be satisfied based solely on their recollections." Pl. MOL, p. 11 (citing *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)).

6

than the applicable federal minimum wage." *Casci v. National Financial Network, LLC*, 2015 WL 94229, at *4 (E.D.N.Y., Jan. 7, 2015)(internal quotation marks and citations omitted). "Furthermore, '[t]o state a FLSA minimum wage claim, it is sufficient for plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period.'" *Id. (quoting Tackie v. Keff Enterprises LLC*, 2014 WL 4626229, at *3 (S.D.N.Y. Sept.16, 2014)). NYLL minimum wage claims are analyzed similarly to FLSA minimum wage claims. *See Tackie*, 2014 WL 4626229, at *3.

As to minimum wage payments, Plaintiffs assert specific allegations only as to Gregory. In this regard, Plaintiffs contend:

> By way of example, plaintiff Holly Gregory was deprived of minimum wage pay for the week beginning November 11, 2013 to November 18, 2013. In that specific week, Holly Gregory was paid a total of $155.25. However, Holly Gregory worked 22.5 hours that week. The minimum wage for 22.5 hours is: $163.13. The minimum wage violation is compounded by the fact that Holly Gregory was also required to pay uniform maintenance costs and other business expenses.

FAC ¶ 65.

While Defendant contests the hours that Gregory actually worked for the week beginning November 11, 2013, that is an issue that cannot be resolved on a Rule 12(b)(6) motion. *See Nakahata*, 723 F.3d at 202 (Courts may not "consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim." )(citation omitted). Defendant's motion to dismiss the minimum wage claims is granted as to Potter and Halten's claims, but denied as to Gregory's claim. The dismissal of Potter and Halten's claims is without prejudice to repleading.

7

### c. "Gap Time" Claims

Plaintiffs allege that, at times, they worked off-the-clock but defendant failed to compensate them for such work. For example, Gregory alleges that she averaged one hour of uncompensated work each time she closed the convenience store. FAC ¶ 13. Further, Plaintiffs allege that each of them performed uncompensated work in the form of shift-change overlap time, FAC ¶¶ 16-19, and that "employees" performed uncompensated work during breaks and while performing duties for the employer. *See* FAC ¶¶ 21, 37.

Such claims, commonly referred to as a "gap time" claims, are ones "in which an employee has not worked 40 hours in a given week but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours." *Lundy*, 711 F.3d at 115; *see Nakahata*, 723 F.3d at 201 (same); *Cromwell v. New York City Health & Hospitals Corp.*, 983 F. Supp. 2d 269, 271 (S.D.N.Y. 2013)("Back-pay for the 2.5 hours [plaintiff] needed to reach a 40–hour week is called 'gap-time' compensation"). "Claims for gap-time compensation are cognizable under the NYLL but not under the FLSA." *Cromwell*, 983 F. Supp. 2d at 271 (citing *Nakahata*, 723 F.3d at 201–02);[6] *see also Wilk v. VIP Health Care Servs., Inc.*, 2012 WL 560738, fn. 3 (E.D.N.Y. Feb. 21, 2012) ("it is clear that the FLSA does not preempt common law claims for 'straight time,' i.e., non-overtime hours, for which a plaintiff was paid at least minimum wage.").

Plaintiffs' allegations border on being merely "[t]hreadbare recitals of the elements of

---

[6] In *Nakahata*, the Circuit wrote that the "FLSA does not provide a cause of action for unpaid gap time," but "*Lundy* acknowledged, without deciding, that a gap-time claim would be consistent with the language of NYLL § 663(1)." 723 F.3d at 201–02.

8

a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. However, the allegations that each Plaintiff performed a specific amount of off-the-books work on a regular basis and that was tied to specific, identifiable events (such as a nightly store closing or a shift change, *see* FAC ¶¶ 12-19), is sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Defendant is able to defend against such claims as it is able to review its records and determine the dates that each Plaintiff closed a store or was involved in a shift change. Thus, the Court finds that Plaintiffs have asserted facially plausible NYLL "gap time" claims for these times.

Plaintiffs have not, however, stated plausible gap-time claims for general, sporadic events such as when "employees" worked during breaks or ran errands for Defendant. These allegations are general and conclusory as to times, frequency, and individuals involved, and thus fail to satisfy the *Iqbal* standard. Defendant's motion is granted as to gap-time claims on behalf of unidentified "employees" for work connected with general, sporadic events such as those asserted in the FAC ¶¶ 21 and 37. Plaintiffs are granted leave to replead.

### d. Paid Break Claims

Plaintiffs assert that they are owed compensation for unpaid employee benefits. In this regard, Plaintiffs allege:

> Defendant has also willfully violated New York State Law related to payment of employee benefits. Upon information and belief, defendant has received a special permit from the Department of Labor to allow for paid 20 minute meal breaks under certain circumstances (rather than the unpaid breaks required by law). However, defendant has not provided the meal breaks that it has promised its employees.

9

Am. Compl. ¶ 5. Plaintiffs further allege:

> Pursuant to New York State Labor Law Section 190, wages include the value of all employee benefits promised by an employer. As set forth above, defendant agreed to provide its employees with a paid 20 minute break as an employee benefit.
>
> However, plaintiffs and members of the New York Class were deprived of this valuable employee benefit.
>
> In fact, the plaintiffs do not recall a single instance where they were given an uninterrupted break of 20 minutes.
>
> Pursuant to Labor Law Section 198 defendant should be required to pay plaintiff [sic] and the members of the New York Class the value of the employee benefit that was wrongfully and intentionally withheld by defendant.

FAC ¶¶ 84-87.

Defendant moves to dismiss these claims because, under NYLL §162, only the New York Department of Labor can bring actions against employers for meal break violations and seek the corresponding civil penalties. As such, Defendant argues, there is no private cause of action for Plaintiffs to allege meal break violations under the NYLL. *See generally, Cyr v. Berry Plastics Corp.*, 2011 U.S. Dist. LEXIS 145468 (N.D.N.Y, Dec. 19, 2011).

> Plaintiffs respond:
>
> It is agreed that, pursuant to Labor Law Section 162, defendant is required to provide an unpaid thirty minute meal break, and, that breach of such promise is the sole and exclusive jurisdiction of the New York State Labor Department. However, plaintiffs are not seeking to enforce their right to an unpaid meal break. Rather, plaintiffs are seeking to enforce the promise defendant made to them to provide a paid 20 minute paid break. The failure to provide such a benefit is no different than an employer's failure to pay vacation or sick leave that it promised to its workforce.

Pl. MOL, pp. 18-19. Plaintiffs then cite NYLL § 190 for the proposition that the failure to provide the promised meal breaks is akin to the failure to pay wages, and that, under NYLL § 198(3), they have the right to recover "full wages, benefits and wage supplements and liquidated damages." Pl. MOL, p. 19 (quoting NYLL § 198(3)).

10

Although Plaintiffs mix concepts of NYLL wage claims with common law breach of contract claims, it appears that these claims are for breach of contract. To establish a claim for breach of contract under New York law, a plaintiff must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Landmark Ventures, Inc. v. Wave Sys. Corp.*, 513 F. App'x 109, 111 (2d Cir. 2013) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996))(internal quotation marks omitted). "At the pleading stage, a plaintiff alleging breach of contract must, 'at a minimum, allege the terms of the contract, each element of the alleged breach and the resultant damages in a plain and simple fashion.'" *Lan Sang v. Ming Hai*, 951 F. Supp.2d 504, 527 (S.D.N.Y. 2013)(quoting *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. 276, 286 (S.D.N.Y.1991) (citation omitted).

Plaintiffs have failed to plead sufficient factual allegations to plausibly establish a breach of contract claim. There are no factual allegations supporting the proposition that Defendant entered into an agreement with any of the Plaintiffs to provide paid 20-minute meal breaks. The fact that "defendant . . . received a special permit from the Department of Labor to allow for paid 20 minute meal breaks under certain circumstances (rather than the unpaid breaks required by law)" does not mean, *a fortiori*, that Defendant entered into an agreement with Plaintiffs to provide these meal breaks. The conclusory contention that Defendant "promised" or "agreed" to "provide the [paid] meal breaks" is insufficient to establish the existence of a binding agreement with Plaintiffs. *See Hudson & Broad, Inc. v. J.C. Penney Corp., Inc.*, 553 Fed. Appx. 37, 39 (2d Cir. 2014) ("[W]e note the well-settled principle of New York law that '[i]f an agreement is not reasonably certain in its material

11

terms, there can be no legally enforceable contract,' which principle ensures that 'courts will not impose contractual obligations when the parties did not intend to conclude a binding agreement.'")(quoting *Cobble Hill Nursing Home v. Henry & Warren Corp.*, 74 N.Y.2d 475, 482 (1989)); *Yanes v. Ocwen Loan Servicing, LLC*, 2015 WL 631962, at *2 (E.D.N.Y., Feb. 12, 2015)("To adequately allege the first element, the existence of an agreement, a plaintiff must plead the provisions of the contract upon which the claim is based. The plaintiff need not attach a copy of the contract to the complaint or quote the contractual provisions verbatim. However, the complaint must at least set forth the terms of the agreement upon which liability is predicated by express reference.")(internal quotations marks and citations omitted). Moreover, there are no factual allegations indicating that Plaintiffs incurred damages because of the purported breach of contract. Accordingly, these claims are dismissed. Plaintiffs are granted leave to replead.

### e. Call-in Pay Claims

Plaintiffs assert claims for "call-in pay" for those times when they were called in to work unscheduled shifts or attend meetings. *See* FAC ¶ 80. In this context, Plaintiffs assert that they "were routinely called in for mandatory meetings or to cover shifts that lasted less than three hours yet plaintiffs were not paid any call-in pay while working for defendant." FAC ¶ 81. Plaintiffs further contend that Gregory was called into work for a two-hour shift on November 10, 2013 but was "not paid call-in pay as required by New York State Law;" and was required to attend a "mandatory meeting" on October 9, 2013 that lasted approximately one hour but "was not paid at all for this time and was not paid the required call-in pay required by law." FAC ¶¶ 82-83. Defendant moves to dismiss the claim on the

12

ground that Plaintiffs have not sufficiently pleaded that they were entitled to call-in pay.

In January 2011, the New York State Department of Labor promulgated the Hospitality Industry Wage Order (the Wage Order), codified at 12 N.Y.C.R.R part 146. As relevant here, the Wage Order provides:

> (a) An employee who by request or permission of the employer reports for duty on any day, whether or not assigned to actual work, shall be paid at the applicable wage rate:
>
> > (1) for at least three hours for one shift, or the number of hours in the regularly scheduled shift, whichever is less.

12 N.Y.C.R.R. § 146-1.5(a)(1).

The parties agree that an employee is not entitled to call-in pay for "regularly" scheduled shifts or meetings. The Wage Order defines a "regularly scheduled shift" as a "fixed, repeating shift that an employee normally works on the same day of each week." 12 N.Y.C.R.R. § 146-1.5(d). This definition further provides: "If an employee's total hours worked or scheduled to work on a given day of the week change from week to week, there is no regularly scheduled shift." *Id.* However, Defendant points to a New York State Department of Labor Opinion Letter which provides that a regular monthly staff meeting would not likely be considered within the definition of the term "regularly scheduled shift" because of its infrequency, but "a prescheduled weekly staff meeting, on the other hand, is likely to fall within the meaning of the term 'regularly scheduled shift' based on its frequency." NYS DOL Nov. 3, 2010 Op. Ltr., Def. Ex. E. Defendant argues that because Gregory alleges that she was "routinely" called in for mandatory meetings, she is not entitled to call-in pay for the October 9, 2013 meeting because the meeting she is referring to was a prescheduled weekly staff meeting. Defendant further argues that Gregory's claim for

13

November 10, 2013 should be dismissed because her allegations not indicate the amount she was compensated on this date and, therefore, do not rule out the possibility that she was already compensated in accordance with § 146-1.5(a)(1). Plaintiffs respond that the claims are properly pleaded and that the particulars of the claims must be fleshed out during discovery, not on this motion.

The Court agrees with Plaintiffs that they have pleaded sufficient facts to make out plausible "call-in" claims for Gregory for November 10, 2013 and October 9, 2013. They have not, however, pleaded sufficient call-in claims for any other time or any employee. The allegations that "plaintiffs" were "regularly called in" for meetings and to work shifts but were not paid the statutorily required call-in wage amount to nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. These claims are similar to the gap-time claims that the Court has dismissed. The general factual allegations that "employees" were "regularly called in" for meetings and to work shifts but not compensated with "call-in" pay are insufficient to state a facially plausible claims. The contentions are nothing more than unadorned, the-defendant-harmed-someone-accusations which do not satisfy *Iqbal*'s plausibility standard. Accordingly, Defendant's motion is denied as to Gregory on the two identified dates, but granted in all other respects. Plaintiffs are granted leave to replead.

### e. Uniform Maintenance Pay Claim

Plaintiffs assert claims for uniform maintenance pay. *See* FAC ¶¶ 94-98.[7] Defendant

---

[7] Plaintiffs contend that Defendant provided them with uniforms but did not pay to have the uniforms laundered or provide each employee with a sufficient number of uniforms (i.e. a number of uniforms equal to the number of days the employee regularly works per week) to avoid paying the statutory uniform maintenance fee. FAC ¶ 94. Further, Plaintiffs allege that the required uniforms do not fit the "ordinary
(continued...)

14

moves to dismiss these claims, contending that it provided Plaintiffs with a sufficient number of wash-and-wear uniforms. Plaintiffs respond that their claims "under New York State Law for uniform maintenance pay should not be dismissed" because they have sufficiently pleaded violations of the Wage Order. Pl. Mem. L. p. 21.[8]

The Wage Order provides that "[w]here an employer does not maintain required uniforms for any employee, the employer shall pay the employee, in addition to the employee's agreed rate of pay, uniform maintenance pay" at a rate set forth in the Wage Order. 12 N.Y.C.R.R. § 146-1.7(a); *see also id.* at § 146-1.7(e)("This section shall apply to all employees, regardless of a given employee's regular rate of pay."). The Wage Order also has a "[w]ash and wear exception to uniform maintenance pay," that provides:

> An employer will not be required to pay the uniform maintenance pay, where required uniforms:
>
> (1) are made of "wash and wear" materials;
>
> (2) may be routinely washed and dried with other personal garments;
>
> (3) do not require ironing, dry cleaning, daily washing, commercial laundering, or other special treatment; and
>
> (4) are furnished to the employee in sufficient number, or the employee is reimbursed by the employer for the purchase of a sufficient number of uniforms, consistent with the average number of days per week worked by the employee.

---

[7](...continued)
wardrobe" exception because (a) the uniforms which bear the Stewart's logo are not basic street clothing; (b) the employees were provided the uniforms and therefore did not "select" the uniform nor did defendant permit variations in the details of uniform. FAC ¶ 95. Plaintiffs also allege that: Gregory was given 1 uniform shirt even though she regularly worked 3 or 4 days per week. FAC ¶ 96; Potter was given 2 uniform shirts, even though he regularly worked 5 or 6 days per week. FAC ¶ 97; and, Halten was given 1 uniform shirt even though she regularly worked 4 or 5 days per week. FAC ¶ 98.

[8]The Court presumes that Plaintiffs do not assert uniform maintenance claims under federal law, and, therefore, proceeds to analyze the claims only under New York law.

15

*Id.* at § 146-1.7(b).

It cannot be determined at this stage whether the uniforms provided to Plaintiffs were of the "wash and wear" variety. Furthermore, even if they were, Plaintiffs have asserted that they were not provided with a sufficient number of uniforms consistent with the average number of days per week that they worked. *See* FAC ¶¶ 96-98. Accordingly, Defendant's motion in this regard is denied.

### f. Wage Theft Protection Act claims

Plaintiff brings claims asserting that Defendant failed to provide appropriate wage disclosures as required by the New York Wage Theft Protection Act, NYLL § 195-1(a). FAC § 91-94. Defendant moves to dismiss these claims, attaching copies of the "Stewart's Notice and Acknowledgment of Wage Rate and Designated Payday Hourly Rate Plus Overtime" ("Wage Statement Form") signed by each Plaintiff. Defendant maintains that this form complies with all requirements of NYLL §195, and that, where required, each Plaintiff was provided subsequent wage-notice forms annually in accordance with the statute. Plaintiffs respond:

> Defendant attaches documentary evidence to establish that the wage disclosure form was filled out by each of the named plaintiffs. However, defendant offers no proof that a copy of the wage disclosure was "provided to" plaintiffs.
>
> It is respectfully submitted that, to comply with the terms of the Wage Theft Protection Act, an employer should be required (as the statute states) to provide a copy of the disclosure to the employee, rather than simply having the employee sign the disclosure to be placed with a number of other items in a personnel folder over which the employee has no access or control.
>
> Plaintiffs, through their complaint, deny receiving appropriate wage disclosures and therefore the cause of action should not be dismissed.

Pl. Mem. L. pp. 23-24.

Although Defendant contends that the signed Wage Statement Forms each contain acknowledgments that each signator had "been given this paid notice," the Court is constrained to limit its review of the allegations in the FAC without reference to extraneous material. Further, it must accept as true the allegations contained in the pleading. Thus, based upon Plaintiffs' denial of receipt of appropriate wage disclosures,[9] the motion to dismiss these claims is denied.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss [dkt. # 29] is **GRANTED in part, and DENIED in part.**

The motion is **GRANTED** in that the following claims are **DISMISSED**:

-Gregory's FLSA and NYLL overtime claims;

-Potter and Halten's FLSA and NYLL minimum wage claims;

-Plaintiffs' gap-time claims connected with general, sporadic events such as those asserted in the FAC ¶¶ 21 and 37.

-Plaintiffs' NYS common law paid break claims;

- All NYLL "call-in" claims except Gregory's claims for November 10, 2013 and October 9, 2013.

All dismissals are without prejudice to repleading. Plaintiffs are granted leave of thirty (30) days from the date of this Decision and Order to replead.

The motion is, and all other respects, **DENIED.**

---

[9] The Court presumes that the denials asserted in the FAC and in Plaintiffs' memorandum of law were made in compliance with the requirements of Rule 11.

17

**IT IS SO ORDERED.**

Dated:March 1, 2015

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge