UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HOLLY GREGORY, MATTHEW POTTER,
and ASTRID HALTEN,  individually and
on behalf of all others similarly situated,          SECOND
                                                     AMENDED
                                                     COMPLAINT

                          Plaintiff,

          -against-                                  Civil Action No.  7:14-cv-00033-TJM-ATB

STEWART'S SHOPS CORP.

                          Defendant.
_____

        Plaintiffs assert the following as their Complaint against defendant:

                        **<u>INTRODUCTION</u>**

1.      Plaintiffs bring this action on behalf of themselves and all others similarly situated for

        violations of State and Federal wage and hour laws.

2.      Specifically, defendant has systematically failed to pay its workforce for all hours

        worked in violation of State and Federal law.

3.      The failure to pay workers for all hours worked results in employees being

        compensated below the State and Federal minimum wage.

4.      The failure to pay workers for all hours worked results in employees being shorted on

        mandatory overtime pay pursuant to Federal and State law.

5.      Defendant has also willfully breached its agreement to provide its employees with a

        paid break of twenty minutes each day the employee worked more than 6 hours.

6.      Defendant has violated State and Federal law by failing to pay uniform maintenance

        pay as required by law.

7.    Defendant has further violated New York State law related to mandatory call-in pay as defendant requires its workers to attend meetings but fails to pay employees a minimum of 3 hours for such meetings.

8.    Plaintiff Holly Gregory was employed with defendant at the Carthage, New York store as a non-exempt hourly employee.  The address of this store is 9-13 N. Broad Street, Carthage, NY 13619.

9.    Plaintiff Matthew Potter was employed with defendant at several different locations as a non-exempt hourly employee over the past six years.  Most recently Mr. Potter was assigned to the store located at 2951 Route 9, Ballston Spa, NY 12020 as a non-exempt Assistant Manager. Mr. Potter also worked at the stores located at 645 Grooms Road, Clifton Park NY 12065; 4990 South Catherine Street, Building 3, Plattsburgh, NY 12901; 16 Round Lake Road, Ballston Lake, NY 12019; and 322 Ushers Road, Clifton Park, NY 12065.

10.   Plaintiff Astrid Halten was employed with defendant at the New Lebanon store located at 279 Route 20, New Lebanon, NY 12125 as a non-exempt hourly employee.

11.   Throughout their employment, plaintiffs consistently were deprived pay for hours worked.

12.   For example, plaintiff Holly Gregory routinely worked the night shift where she was expected to close the Store.  The store was to close at 11:30 p.m. and pursuant to the Store's schedule, Ms. Gregory was to be off duty at 11:45 p.m.

13.   However, because of the amount of work required to close the Store, most nights Ms. Gregory closed she ended up working until 12:30 or 1:00 a.m.  Ms. Gregory was

never compensated for this additional work time. Ms. Gregory averaged one hour of additional uncompensated work each time she closed the Store.

14.     Ms. Gregory brought the issue up to her Store Manager, the Store Assistant Manager, and, her District Manager but was repeatedly told that she would not be compensated for the time.

15.     Defendant likewise has a policy in which it pays store openers only 15 minutes to complete the laundry list of tasks needed to open the store. Much like the store closing duties, defendant knows that the work cannot be performed in 15 minutes, yet defendant knowingly refuses to pay its workers for the actual time spent opening the store.

16.     In addition, defendant has a policy in which it expects its employees to show up early for scheduled shifts in order to discuss work tasks and to make sure there is a smooth transition into the next shift. Likewise, at the end of each shift defendant expects its employees to stay past their shift in order to make sure there was a smooth transition into the next shift. This policy, referred to by defendant as "Hand Off Don't Run Off!!!" results in a systematic and widespread reduction in employee compensation as employees are not paid for this shift-change overlap time.

17.     On average plaintiff Holly Gregory worked an extra 15 minutes per day of uncompensated shift-change overlap time.

18.     On average plaintiff Matthew Potter worked 30-45 minutes per day of uncompensated shift-change time.

19.     On average plaintiff Astrid Halten worked 30-45 minutes per day of uncompensated shift-change time.

20.     Plaintiffs were not compensated for this extra work time because defendant does not
use a time clock or time punch system—rather, employees are paid based upon the
hours they are scheduled to work and are discouraged from making changes to the
schedule to reflect time actually worked.  Accordingly, defendant has breached its
duty under Federal and New York State laws to accurately track and report actual
hours worked by its employees.

## JURISDICTION AND VENUE

21.     Plaintiff Holly Gregory is an individual that resides in Lewis County, New York.

22.     Plaintiff Matthew Potter is an individual that resides in Saratoga County, New York.

23.     Plaintiff Astrid Halten is an individual that resides in Columbia County, New York.

24.     Upon information and belief, defendant Stewart's Shops Corp. is a domestic business
corporation with its principal place of business and headquarters located in Saratoga
County, New York.

25.     Upon information and belief, the wage and hour violations adversely affect
approximately 4500 employees throughout 330 convenience stores in New York and
Vermont.

26.     This Court has original jurisdiction pursuant to 28 U.S.C.  § 1331 because the action
involves a federal statute, the FLSA, 29 U.S.C. §  201 et. seq.

27.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over New York
State wage and hour claims because such claims derive from a common nucleus of
operative facts.

28.     Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.


### FAIR LABOR STANDARDS COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiffs on behalf of themselves and all those similarly situated, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

30.     Plaintiffs bring this FLSA collective action pursuant to 29 U.S.C. § 207 and 216(b), and specifically on behalf of:

> all persons who work or have worked as a non-exempt employee for defendant in one of its convenience stores in the past three years. (the "FLSA Class").

31.     Excluded from the FLSA Class are defendant, its officers, directors, legal representatives, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in defendant.  Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the FLSA Class.

32.     Plaintiff is unable to state the exact number of the class without discovery of defendant's books and records but estimates the class to be approximately 4500 individuals.

33.     Defendant required plaintiff and the FLSA Class members to work during required meal periods and to perform work for which they were not fully compensated.

34.    The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees, such as plaintiffs and others similarly situated, at a rate of not less than the minimum wage.

35.    The FLSA also requires covered employers, such as Defendant, to compensate all non-exempt employees, such as plaintiffs and others similarly situated, at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

36.    The failure to reimburse workers for business expenses results in violation of overtime and minimum wage violations for many employees.

37.    Further, defendant has violated the minimum wage and overtime laws by failing to reimburse its employees for uniform maintenance costs.

38.    Defendant's unlawful conduct has been widespread, repeated and consistent.

39.    Defendant's conduct was willful and in bad faith and has caused significant damages to plaintiffs and all members of the FLSA Class.

40.    Defendant is liable under the FLSA for failing to properly compensate plaintiff and the FLSA Class and as such notice should be sent out to the FLSA Class.

41.    There are numerous similarly situated, current and former employees of defendant who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and be provided an opportunity to join in the action.  The FLSA Class members are known to defendant and should be easily identified through defendant's books and records.

## <u>NEW YORK CLASS ACTION ALLEGATIONS</u>

42.    Plaintiffs on behalf of themselves and all those similarly situated, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

43.    Plaintiffs bring this class action pursuant to Rule 23 on behalf of a class consisting of:

> all persons who work or have worked as a non-exempt employee for defendant in one of its convenience stores located in the State of New York in the past six years. (the "New York Class").

44.    Excluded from the New York Class are defendant, its officers, directors, legal representatives, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in defendant.  Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the New York Class.

45.    Plaintiffs are unable to state the exact size of the class without discovery of defendant's books and records but estimate the class to be approximately 4000 individuals.  Therefore, the members of the New York Class are so numerous that joinder of all members in one proceeding is impracticable.

46.    Plaintiffs' claims are typical of the claims for the New York Class members because: (a) they are likewise non-exempt employees who were not compensated for work performed; (b) were subjected to the same inaccurate time-keeping system; (c) were routinely permitted and asked to work during their breaks and were therefore deprived of wages and employee benefits; (d) were deprived of uniform maintenance pay; (e) were not provided mandatory disclosure and wage statements pursuant to the New York Labor Law and the New York State Wage Theft Protection Act; (f) were

not paid the minimum wage; (g) were not paid overtime premiums; and, (h) were not paid call-in pay for mandatory meetings.

47.   The damages suffered by plaintiffs and the New York Class members are similar in that all class members have been deprived of wages, benefits, and mandatory disclosures as a result of the common policies, practices and patterns of conduct by defendant.

48.   Plaintiffs will fairly and adequately protect the interests of the New York Class.

49.   Plaintiffs have retained competent counsel with experience in class action and wage hour litigation.

50.   There is no conflict between plaintiffs and the New York Class.

51.   Common questions of law and fact exist as to the New York Class that predominates over any questions solely affecting them individually.  Specifically, the factual and legal issues common to the class involve:  (a) whether defendant failed and/or refused to pay plaintiffs and the New York Class for all of the compensable time that they worked for defendant; (b) whether defendant failed to keep true and accurate time records for all hours worked as required by New York Law; (c) whether defendant complied with the posting and written notice requirements of the New York State Wage Theft Protection Act; (d) whether defendant complied with posting requirements under the New York State Labor Law; (e) whether defendant engaged in a pattern and/or practice in New York of forcing, coercing, and/or permitting members of the New York Class to perform work for defendant's benefit which was not compensated; (f) whether defendant's policy and practice of failing to pay  workers for all hours worked was instituted willfully or with reckless

disregard of the law; and (g) the nature and extent of class-wide injury and measure of damages for those injuries.

52. Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail.  Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.   Members of the New York Class are readily ascertainable to defendant and should be easily identified through defendant's books and records.

53. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual members of the New York Class that would establish incompatible and unpredictable standards of conduct for defendant.

54. Without a class action, defendant will retain the benefits of their wrongdoing and will continue to engage in the unlawful practices outlined in this Complaint with impunity, resulting in further damage to members of the New York Class.

55. Appropriate notice will be sent to all members of the New York Class as required by Federal Rule of Civil Procedure, Rule 23.

## FIRST CAUSE OF ACTION

(FLSA collective action on behalf of Plaintiff and FLSA Class)

56.   Plaintiffs on behalf of themselves and all those similarly situated, re-allege and incorporate by reference all allegations in all preceding paragraphs.

57.   Plaintiffs have previously consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).

58.   The FLSA requires each non-exempt employee to be paid at the minimum wage for all hours worked.

59.   The FLSA requires each non-exempt employee to be paid at one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

60.   The FLSA also requires employers to reimburse its employees for uniform maintenance costs and business expenses where the failure to do so results in a reduction of wages below the minimum wage.

61.   By failing to properly account for all hours worked defendant regularly and consistently failed to pay plaintiffs and members of the FLSA Class for all hours worked.

62.   By way of example, plaintiff Holly Gregory was deprived of minimum wage pay for the week beginning November 11, 2013 to November 18, 2013.  In that specific week, Holly Gregory was paid a total of $155.25.  However, Holly Gregory worked 22.5 hours that week.  The minimum wage for 22.5 hours is: $163.13. The minimum wage violation is compounded by the fact that Holly Gregory was also required to pay uniform maintenance costs and other business expenses.

63.   Plaintiffs Astrid Halten and Matthew Potter do not assert minimum wage claims.

64.   As another example, plaintiff Astrid Halten was deprived of overtime premiums for the week ending December 4, 2011.  In that specific week Astrid Halten worked 46.75 hours.  Ms. Halten was therefore entitled to 6.75 hours of overtime at a rate of $12.75 per hour.  However, her pay check only reflects 1.25 hours of overtime.  The overtime violation is compounded by the fact that Astrid Halten was also required to pay uniform maintenance costs and other business expenses.

65.   As another example, plaintiff Matthew Potter was deprived of overtime premiums for the week ending January 27, 2013.  In that specific week Matthew Potter worked 45.5 hours.  Mr. Potter was therefore entitled to 5.5 hours of overtime at a rate of $18.00 per hour.  However, his paycheck does not include any overtime pay.  The overtime violation is compounded by the fact that Matthew Potter was also required to pay uniform maintenance costs and other business expenses.

66.   Plaintiff Holly Gregory does not assert an overtime claim.

67.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

68.   Defendant is liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

69.   Plaintiffs on behalf of themselves and the FLSA Class seek damages in the amount of their unpaid wages, interest, and such other legal and equitable relief this Court deems just and proper.

70.   Plaintiffs on behalf of themselves and the FLSA Class seek liquidated damages in an amount equal to their actual damages.

71.     Plaintiffs on behalf of themselves and the FLSA Class seek punitive damages in an amount to be decided by the Court.

72.     Plaintiffs on behalf of themselves and the FLSA Class seek recovery of attorneys' fees, disbursements and costs, to be paid by defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

(State law class action on behalf of Plaintiff and New York Class For Wage Violations)

73.     Plaintiffs on behalf of themselves and the New York Class re-allege and incorporate by reference all allegations in all preceding paragraphs.

74.     Pursuant to New York Labor Law §§ 190, 191, 193, 195.1, 198 and 650 et. seq., as well as the New York State Hospitality Wage Order (and its predecessor regulation) defendant has willfully failed to pay plaintiff and the New York Class for all hours worked.

75.     New York Law requires each covered employer such as defendant to compensate all non-exempt employees for all hours worked, yet, as set forth above, defendant failed to do so.

76.     New York Law also requires each non-exempt employee to be paid at the minimum wage for all hours worked, yet, as set forth above, defendant failed to do so.

77.     New York Law also requires each non-exempt employee to be paid at one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week, yet, as set forth above, defendant failed to do so.

78.     New York Law also requires employers to reimburse its employees for unreimbursed business expenses where the failure to do so results in a reduction of wages below the minimum wage and or results in failure to pay appropriate amounts for overtime, yet, as set forth above, defendant failed to do so.

79.     New York Law requires defendant to pay members of the New York Class call-in pay for any shift where the employee is called in to work or to attend a meeting that lasts less than 3 hours.  In such a situation, the employee is entitled to be paid a minimum of 3 hours at his/her regular rate of pay.

80.     Plaintiffs and the New York Class were called in for mandatory meetings or to cover shifts that lasted less than 3 hours yet plaintiffs were not paid any call-in pay while working for defendant.

81.     For example, on Sunday November 10, 2013, plaintiff Holly Gregory was called in to work a two hour shift.  She was not paid call-in pay as required by New York State Law.

82.     Another example includes a mandatory meeting attended by Holly Gregory on October 9, 2013.  The meeting lasted approximately one hour.  Holly Gregory was not paid at all for this time and was not paid the required call in pay required by law.

83.     Mandatory meetings were also scheduled on October 17, 2013 at 5 p.m.; November 7, 2013 at 4 p.m.; November 13, 2013 at 3 p.m.; November 20, 2013 at 3 p.m.  In each such case plaintiff Holly Gregory was required to attend a mandatory meeting when she was not scheduled to work yet was not paid call-in pay.  Further, plaintiff Holly Gregory worked with approximately nine other employees at the Carthage, NY store and at any given time a maximum of 2 employees would be on the schedule yet

the mandatory meetings required attendance and none of the employees received call-in pay.

84.     Further, based upon a reasonable investigation into the facts of this case, Plaintiffs assert that dozens of stores owned and operated by defendant have similar requirements related to mandatory meetings.  Yet, based upon the investigation to date there is no evidence that a single employee of defendant has ever received call-in pay.

85.     By failing to properly account for all hours worked defendant regularly and consistently failed to pay plaintiffs and members of the New York Class for all hours worked.

86.     By failing to properly account for all hours worked and by pushing the cost and expense of maintaining required uniforms and other business expenses onto its employees, defendant has consistently failed to pay wages to plaintiffs and the New York Class at the minimum wage, and has consistently failed to pay proper overtime premiums.

87.     Defendant is liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

88.     Defendant also failed to provide plaintiffs and members of the New York Class with the required written notices under the New York State Wage Theft Protection Act. Specifically, the Act requires new hires to be provided with a written notice stating in pertinent part:  the employee's rate or rates of pay, including the employee's overtime rate of pay (for all non-exempt employees); the basis for the employee's rate of pay (for example, by the hour, shift, day, week, salary, or commission); the statutory

exemption that applies, if any; any allowances claimed as part of the minimum wage (e.g., tips, meals, etc.); the regular pay day designated by the employer; the employer's name, including any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the employer's telephone number.

89.    This same notice must be provided to all existing employees each year no later than February 1st and if the employer makes any changes to the information contained in the notice and such changes are not reflected in the employee's payroll statements, the employer must give the employee written notice of the change at least seven (7) days before the change becomes effective.

90.    Plaintiffs and the New York Class members were not given written notices in compliance with the law.

91.    Defendant provided plaintiffs and the members of the New York Class with uniforms but did not pay to have the uniforms laundered nor did Defendant provide each employee with a sufficient number of uniforms (i.e. a number of uniforms equal to the number of days the employee regularly works per week) to avoid paying the statutory uniform maintenance fee.

92.    The required uniforms also do not fit the "ordinary wardrobe" exception because (a) the uniforms which bear the Stewart's logo are not basic street clothing; (b) the employees were provided the uniforms and therefore did not "select" the uniform nor did defendant permit variations in the details of uniform.

93.    By way of example, Holly Gregory was given 1 uniform shirt even though she regularly worked 3 or 4 days per week.

94.     Matthew Potter was given 2 uniform shirts, even though he regularly worked 5 or 6 days per week.

95.     Astrid Halten was given 1 uniform shirt even though she regularly worked 4 or 5 days per week.

96.     The foregoing conduct, as alleged, constitutes willful violations of the New York Law.

97.     Plaintiffs on behalf of themselves and the New York Class seek damages in the amount of their unpaid wages, benefits, overtime premiums, statutory pay, interest, and such other legal and equitable relief this Court deems just and proper.

98.     Plaintiffs on behalf of themselves and the New York Class seek liquidated damages in an amount equal to their actual damages.

99.     Plaintiff on behalf of themselves and the New York Class seek statutory penalties of $2500.00 for each class member for defendant's failure to provide legally compliant written statements pursuant to New York Labor Law 195.1.

100.    Plaintiff on behalf of themselves and the New York Class seek uniform maintenance pay in the amount prescribed by law (currently $10.90 per week for work weeks over 30 hours, $8.60 per week for work weeks of more than 20 but not more than 30 hours, and $5.20 per week for work weeks of 20 hours or less).

101.    Plaintiff on behalf of themselves and the New York Class seek recovery of attorneys' fees, disbursements and costs, to be paid by defendant, as provided by New York Labor Law § 198.

102.    Plaintiff on behalf of themselves and the New York Class seek punitive damages in an amount to be decided by the Court.

### THIRD CAUSE OF ACTION

(State law class action on behalf of Plaintiff and New York Class For Breach of Contract)

103.   Plaintiffs on behalf of themselves and the New York Class re-allege and incorporate by reference all allegations in all preceding paragraphs.

104.   As set forth, above, defendant agreed to provide its employees with an uninterrupted paid 20 minute break each day the employee worked a shift of more than 6 hours.

105.   Defendant made several verbal promises to plaintiffs regarding this paid break, and, this agreement is memorialized in the Employee Handbook distributed to employees: "NYS has granted Stewart's a permit for shorter 20 minute meal periods for partners working over 6 hours.  This allows you to be paid during your break as well as the flexibility to break up the day, while keeping good customer service." *See* Employee Handbook available at http://www.stewartsshops.com/wp-content/uploads/May-2014-Personnel-Manual-Shops.pdf

106.   The Agreement to provide employees with a paid twenty minute break is also contained in several Permits obtained by defendant from the Department of Labor. Plaintiffs are intended and/or third party beneficiaries of these commitments to provide paid breaks. The Permits relevant to Stores worked by Plaintiffs herein are attached as **Exhibit A.** ("The company must pay all employees their agreed rate during this shorter meal period.")

107.   Plaintiffs and members of the New York Class were deprived of paid breaks.  In fact, the Plaintiffs do not recall a single instance where they were given an uninterrupted break of 20 minutes, even though they regularly worked shifts longer than 6 hours.

108.   By way of example, Plaintiff Holly Gregory worked more than 6 hours without a paid break on November 15, 2013; November 17, 2013; November 21, 2013; November 22, 2013; November 24, 2013; November 27, 2013; November 29, 2013; and, Dec 1, 2013.

109.   Plaintiffs Matthew Potter and Astrid Halten worked dozens (if not hundreds) of shifts longer than 6 hours yet were never given an uninterrupted paid break of 20 minutes.

110.   Plaintiffs and members of the New York Class have been damaged since they have been deprived an employee benefit that was promised by defendant.  Such damage is measured by the value of the paid time off (PTO) that defendant has promised, yet, failed to deliver.

111.   Accordingly, Plaintiffs and members of the New York Class therefore seek payment in an amount equal to their agreed rate of pay for each shift they worked of at least 6 hours and for which an uninterrupted break of 20 minutes was not given.

112.   Plaintiff on behalf of themselves and the New York Class seek punitive damages in an amount to be decided by the Court.

WHEREFORE, plaintiffs respectfully request an Order and Judgment:

### **FIRST CAUSE OF ACTION**

A.       Designating this action as a collective action on behalf of the FLSA Class and issuing prompt notice to all persons who work or have worked as a non-exempt employee for a Stewart's Shops Corp. convenience store in the past three years. This notice should inform the FLSA class that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

B.       Designating Plaintiffs Holly Gregory, Matthew Potter, and Astrid Halten as the Representatives  of  the  FLSA Class;

18

C.        Appointing E. Stewart Jones Hacker Murphy, LLP as  Lead  Counsel  for
          the FLSA Class;

D.        Declaring that defendant has violated the federal minimum wage and
          overtime provisions of the FLSA;

E.        Awarding Plaintiffs and the FLSA Class damages for the difference
          between the full hourly wage and overtime premiums as mandated by the
          FLSA, and the hourly wages actually paid to the plaintiff and the FLSA
          Class for the hours they worked;

F.        Awarding Plaintiffs and the FLSA Class liquidated damages under the
          FLSA;

G.        Awarding Plaintiffs and the FLSA Class punitive damages under the
          FLSA;

H.        Awarding Plaintiffs and the FLSA Class their attorneys' fees, expert fees,
          costs, and disbursements pursuant to 29 U.S.C. § 216;

I.        Awarding pre-judgment and post judgment  interest, as provided by law;

J.        Enjoining defendant from harassing, intimidating, threatening and
          terminating members of the FLSA Class because they have exercised their
          rights under the FLSA; and

K.        Awarding all other relief as this Court shall deem just and proper.


## SECOND CAUSE OF ACTION

A.        Certifying this action as a class action under Rule 23;

B.        Appointing Plaintiffs Holly Gregory, Matthew Potter, and Astrid Halten as
          the Representatives of the New York Class;

C.        Appointing E. Stewart Jones Hacker Murphy, LLP as  Lead  Counsel  for
          the New York Class;

D.        Declaring that defendant has violated the minimum wage provisions of the
          New York Labor Law;

E.        Awarding Plaintiffs and the New York Class damages for the difference
          between the full hourly wage as mandated by law, and the hourly wages

actually paid to the plaintiff and the New York Class for the hours they worked;

F.          Awarding Plaintiffs and the New York Class liquidated damages under the New York Labor Law;

G.         Awarding Plaintiffs and the New York Class punitive damages under the New York Labor Law;

H.         Awarding Plaintiffs and each member of the New York Class statutory penalties of $2500.00 for defendant's failure to provide legally compliant written statements pursuant to New York Labor Law 195.1;

I.          Awarding Plaintiffs and each member of the New York Class uniform maintenance pay in the amount required by law;

J.          Awarding Plaintiffs and the New York Class their attorneys' fees, expert fees, costs, and disbursements pursuant to the New York Labor Law;

K.         Awarding pre-judgment and post judgment interest, as provided by law;

L.         Enjoining defendant from harassing, intimidating, threatening and terminating members of the New York Class because they have exercised their rights under the New York Labor Law; and

M.        Awarding all other relief as this Court shall deem just and proper.

## THIRD CAUSE OF ACTION

A.         Certifying this action as a class action under Rule 23;

B.         Appointing Plaintiffs Holly Gregory, Matthew Potter, and Astrid Halten as the Representatives of the New York Class;

C.         Appointing E. Stewart Jones Hacker Murphy, LLP as Lead Counsel for the New York Class;

D.         Declaring that defendant has breached its Agreement to provide its employees with uninterrupted paid breaks of at least 20 minutes for each shift worked of 6 hours or more;

E.         Awarding Plaintiffs and the New York Class punitive damages under the New York Labor Law;

F.          Awarding Plaintiffs and the New York Class their attorneys' fees, expert
            fees, costs, and disbursements.

G.          Awarding pre-judgment and post judgment interest, as provided by law;


H.          Awarding all other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial

by jury in this action.

Dated:  April 1, 2015                          E. STEWART JONES
                                               HACKER MURPHY, LLP


                                          _____**/s/**_____
                                               Ryan M. Finn, Esq.
                                          NDNY Bar Roll Number:  513670
                                          rfinn@joneshacker.com
                                          7 Airport Park Blvd.
                                          Latham, NY 12110
                                          518.213.0115