**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

HOLLY GREGORY, MATTHEW POTTER,
and ASTRID HALTEN, individually and on
behalf of all others similarly situated,

                                  Plaintiffs,

      v.                                                      7:14-cv-00033

STEWART'S SHOPS CORPORATION,

                                  Defendant.
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

**I.    INTRODUCTION**

This motion for conditional certification of a collective action under the Fair Labor Standards Act ("FLSA") and class certification of certain state-law claims under Fed. R. Civ. P. 23 (Dkt. No. 63) was referred to the Hon. Andrew T. Baxter, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b).

In his July 8, 2016 Report, Recommendation, and Order, Dkt. No. 81, Magistrate Judge Baxter ordered:

> that plaintiffs' motion for conditional certification of a collective action under the Fair Labor Standards Act (Dkt. No. 63) is GRANTED with respect to the following "similarly situated individuals":
>
> > all persons who work or have worked as a non-exempt, full-time employee (working 30 or more hours per week) for Stewart's Shops Corporation in one of its convenience stores in the past

1

> three years and who, including time worked off the clock, have worked forty or more hours in a week and have been deprived of overtime compensation.
>
> Unless either party files a timely appeal of this order, the parties are directed (a) to meet and confer with respect to (i) the manner and form of notice, and (ii) the production, by defendant, of a list, in electronic format, containing the names, dates of employment, last-known contact information, and other necessary information with respect to potential members of the above-described collective [action], and (b) to submit, to this court, a joint proposal with respect to notice within 30 days of the date of this order.

Rep. Rec. & Ord., pp. 75-76.[1]

Magistrate Judge Baxter recommended:

(1) that Plaintiffs' motion to certify a class action under Fed. R. Civ. P. 23(b)(3) (Dkt. No. 63) be granted in part with respect to the claims and subclasses that included:

> any non-exempt employee for Stewart's Shops Corporation in one of its convenience stores located in the State of New York in the past six years who
>
>> (a) attended a store meeting that was not scheduled during one of the employee's regular work shifts for that week and who was not paid for a minimum of three hours at their applicable wage rate, or
>>
>> (b) worked a shift of six hours or more, and was unable to take an uninterrupted 20-minute meal break. granted and the Complaint be dismissed in its entirety as to all remaining Defendants;

(2) that Plaintiffs' motion to certify a class action under Fed. R. Civ. P. 23(b)(3) with respect to other proposed claims and subclasses be denied;

---

[1] Unlike an application for class certification under Rule 23, which is considered to be dispositive and thus beyond the non-consensual jurisdiction of a magistrate judge, Nelson v. Nationwide Mortg. Corp., 659 F. Supp. 611, 619-20 (D. D.C. 1987), a motion to certify a collective action under the FLSA is regarded as non-dispositive in nature, and thus falls within a magistrate judge's purview. Ruggles v. WellPoint, Inc., 591 F. Supp. 2d 150, 156 n.6 (N.D.N.Y. 2008) (Treece, M.J.); Prizmic v. Armour, Inc., No. 05-CV-2503, 2006 WL 1662614, at *1 n.1 (E.D.N.Y. June 12, 2006); Barrus v. Dick's Sporting Goods, Inc., 465 F. Supp. 2d 224, 229 n.1 (W.D.N.Y. 2006).

(3) that E. Stewart Jones Hacker Murphy, LLP, be appointed class counsel pursuant to Fed. R. Civ. P. 23(g) with respect to any claims and subclasses ultimately approved; and,

(4) that within 30 days of any order certifying a class action in this case pursuant to Fed. R. Civ. P. 23(b)(3), the parties submit either a form notice acceptable to both parties, or, alternatively, counter-proposals for the language of such a notice. Rep. Rec. and Ord., pp. 76-77.

Plaintiffs filed objections to the report and recommendation. Dkt. No. 82. Defendant also filed objections to the report and recommendation, Dkt. No. 83, and a response to Plaintiffs' objections. Dkt. No. 87.

## II. STANDARDS OF REVIEW

### a. Appeal of Magistrate Judge's Non-Dispositive Ruling

A district court judge reviewing a magistrate judge's non-dispositive ruling may not modify or set aside any part of that order unless it is clearly erroneous or contrary to law. Labarge v. Chase Manhattan Bank, N.A., 1997 WL 583122, at * 1 (N.D.N.Y. Sept. 3, 1997) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); N.D.N.Y. Local Rule 72.1(b)); see also Capital Records, LLC v. Escape Media Group, Inc., 2015 U.S. Dist. LEXIS 38007 * 6 (S.D.N.Y. March 25, 2015) ("Magistrate judges may, and often do, rule on non-dispositive pretrial matters, including discovery disputes. Contrary to [defendant's] suggestion, such non-dispositive pretrial matters are reviewed for clear error."). Findings are clearly erroneous when the reviewing court is firmly convinced the lower court decided an issue in error. Lanzo v. City of New York, 1999 WL 1007346, at *2-3 (E.D.N.Y. Sept. 21, 1999).

3

### b. Objections to Magistrate Judge's Recommendations

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III. DISCUSSION

### a. Magistrate Judge Baxter's FLSA Conditional Certification Ruling

To the extent that Defendant's objections relating to the FLSA conditional certification ruling, see Dkt. 83 (Point III), are considered an appeal, the appeal is denied as withdrawn. Dkt. No. 89.[2]

### b. Magistrate Judge Baxter's Rule 23 Recommendations

The Court declines at this time to address Defendant's position that Plaintiffs failed to

---

[2]Defendant informed the Court that the parties reached an agreement on the group of individuals who will be receiving the FLSA notice relating to Plaintiffs' alleged overtime claims, as well as the form of the notice to be sent, and thus withdraws those portions of its objections addressed to these issues. Dkt. No. 89.

4

state a valid breach of contract claim. The challenge to the legal sufficiency of the contract claim is beyond the scope of the Rule 23 issue referred to Magistrate Judge Baxter for recommendation, see Rep. Rec. & Ord., pp. 69-70,[3] and is more properly addressed through an independent motion.

Having considered Plaintiffs' and Defendant's other objections with regard to the Rule 23 recommendations, and having completed a *de novo* review of the issues raised by those objections, the Court accepts and adopts Magistrate Judge Baxter's Rule recommendations for the reasons stated in his thorough report.

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs' "Motion for Class Certification and Collective Action" (Dkt. No. 63) is **GRANTED IN PART and DENIED IN PART**.

### a. FLSA Conditional Collective Action

Defendant's appeal of Magistrate Judge Baxter's FLSA conditional certification ruling, see Dkt. 83 (Point III), is **DENIED as withdrawn**.

### b. Rule 23 Recommendations

The Court accepts and adopts all of Magistrate Judge Baxter's Rule 23

---

[3] As Magistrate Judge Baxter correctly observed:

> Defendant answered the Second Amended Complaint without moving to dismiss the common law breach-of-contract claim. (Dkt. No. 48). . . . Judge McAvoy may rule, *sua sponte* or in connection with a future dispositive motion, that the Second Amended Complaint has not stated a viable breach of contract claim in connection with the allegedly promised paid meal break. However, the legal issues of whether plaintiffs have established an enforceable contract on the basis of the Department of Labor permits and the related provisions in defendant's Employee Handbook, or whether plaintiffs suffered a compensable injury, may be determined on a class-wide basis without the need for individualized or store-by-store inquiries. While the legal issues raised by defendant may ultimately result in a dismissal of plaintiffs' breach-of-contract claim, they do not provide support for denying certification of a Rule 23 class relating to this claim. See Amgen Inc. v. Connecticut Ret. Plans & Trust Funds, 133 S. Ct. 1184, 1195-98 (2013).

Rep. Rec. & Ord., pp. 69-70 (footnote omitted).

recommendations contained in his July 8, 2016 Report, Recommendation, and Order, Dkt. No. 81. Accordingly, Plaintiffs' motion is **GRANTED** in that:

(1) a class action under Fed. R. Civ. P. 23(b)(3) is certified with respect to the claims and subclasses of:

any non-exempt employee for Stewart's Shops Corporation in one of its convenience stores located in the State of New York in the past six years who

(a) attended a store meeting that was not scheduled during one of the employee's regular work shifts for that week and who was not paid for a minimum of three hours at their applicable wage rate, or

(b) worked a shift of six hours or more, and was unable to take an uninterrupted 20-minute meal break. granted and the Complaint be dismissed in its entirety as to all remaining Defendants;

(2) E. Stewart Jones Hacker Murphy, LLP is appointed class counsel with respect to all approved claims and subclasses.

Plaintiffs' motion to certify a class action under Fed. R. Civ. P. 23(b)(3) with respect to other proposed claims and subclasses is **DENIED**.

The parties' objections to the Rule 23 recommendations are, in all other respects, **OVERRULED**.

Within 30 days of this Decision and Order, the parties are directed to submit to the Court a notice consistent with the requirements of Fed. R. Civ. P. 23(c)(2)(B) that is acceptable to both parties, or, alternatively, counter-proposals for the language of such a notice.

### c. Objections Related to Contract Action

Defendant's challenge to the legal sufficiency of the contract claim is DENIED with leave to renew in an independent motion.

**IT IS SO ORDERED.**

Dated: **September 28, 2016**

Thomas J. McAvoy
Senior, U.S. District Judge