UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HOLLY GREGORY, MATTHEW POTTER,
and ASTRID HALTEN, individually and on
behalf of all others similarly situated,

         Plaintiffs,

v.                7:14-cv-00033

STEWART'S SHOPS CORPORATION,

         Defendant.
_____

THOMAS J. McAVOY,
Senior United States District Judge

# DECISION & ORDER

## I. INTRODUCTION

Presently before the Court is defendant's motion for summary judgment seeking to dismiss plaintiffs' breach of contract claims. Dkt. No. 104. The Court has determined to decide the motion without oral argument, and in doing so has considered all of the parties' submissions. For the reasons that follow, the motion is granted.

## II. STANDARD OF REVIEW

On a motion for summary judgment the Court must construe the properly disputed facts in the light most favorable to the non-moving party, *see Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007), and may grant summary judgment only where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 642 F.3d

1

110, 116 (2d Cir. 2011).

## III. BACKGROUND

### A. Procedural Background

#### 1. Initial Complaint

Plaintiffs filed their initial Complaint alleging that defendant "willfully violated New York State Law related to mandatory meal breaks." Dkt. 1, ¶ 4. Plaintiffs alleged that "defendant has received a special permit from the Department of Labor to allow for paid 20 minute meal breaks under certain circumstances" and that "defendant does not provide the 20 minute breaks let alone the State required breaks of 30 or 45 minutes." *Id.* Plaintiffs further alleged that their claims "are typical of the claims for the New York Class members because . . . [they] were routinely permitted and asked to work during their breaks and were therefore deprived of wages." *Id.*, ¶ 35.

#### 2. First Amended Complaint

Thereafter, plaintiffs filed a First Amended Complaint ("FAC") alleging in connection with their meal break claim that:

> [Defendant] willfully violated New York State Law related to payment of employee benefits. Upon information and belief, defendant has received a special permit from the Department of Labor to allow for paid 20 minute meal breaks under certain circumstances (rather than the unpaid breaks required by law). However, defendant does not provide the 20 minutes breaks that it has promised its employees."

Dkt. 25, ¶ 5.

Plaintiffs also alleged that "[p]ursuant to New York Labor Law Section 190, wages include the value of all employee benefits promised by an employer. As set forth above, defendant agreed to provide its employees with a paid 20 minute break as an employee

2

benefit. However, plaintiffs and members of the New York Class were deprived of this valuable employee benefit . . . . Pursuant to Labor Law Section 198 defendant should be required to pay plaintiff [*sic*] and the members of the New York Class the value of the employee benefit that was wrongfully and intentionally withheld by defendant." *Id.*, ¶¶ 84-87. Plaintiffs further alleged that their claims "are typical of the claims for the New York Class members because . . . [they] were routinely permitted and asked to work during their breaks and were therefore deprived of wages and employee benefits." *Id.*, ¶ 48.

### 3. The Court's Decision on Defendant's Motion to Dismiss the FAC

Defendant moved to dismiss the meal break claims because, under New York Labor Law ("NYLL") §162, only the New York State Department of Labor can bring actions against employers for statutory meal break violations and seek the corresponding civil penalties. As such, defendant argued there is no private cause of action for plaintiffs to allege meal break violations under the NYLL. *See generally*, *Cyr v. Berry Plastics Corp.*, 2011 U.S. Dist. LEXIS 145468 (N.D.N.Y, Dec. 19, 2011). Plaintiffs agreed that, pursuant to NYLL §162, "defendant is required to provide an unpaid thirty minute meal break, and, that breach of such promise is the sole and exclusive jurisdiction of the New York State Labor Department." Dkt. # 41, p. 10 (quoting Pl. MOL in Opp., pp. 18-19). However, plaintiffs also argued that they were "not seeking to enforce their right to an unpaid meal break. Rather, plaintiffs [were] seeking to enforce the promise defendant made to them to provide a paid 20 minute paid break." *Id.* The Court interpreted the argument as raising breach of contract claims, but found that plaintiffs failed to plead sufficient factual allegations to plausibly establish such claims because there were no factual allegations supporting the

3

proposition that Defendant entered into an agreement with any of the plaintiffs to provide paid 20-minute meal breaks. *Id.* The Court also found that the FAC lacked factual allegations indicating that plaintiffs incurred damages because of the purported breaches of contract. *Id.* p. 12. Accordingly, the claims were dismissed with leave to replead. *Id.*

### 4. Plaintiffs' Second Amended Complaint

Plaintiffs subsequently filed a Second Amended Complaint ("SAC") in which they allege, *inter alia*, that:

> [D]efendant agreed to provide its employees with an uninterrupted paid 20 minute break each day the employee worked a shift of more than 6 hours. Defendant made several verbal promises to plaintiffs regarding this paid break, and, this agreement is memorialized in the Employee Handbook distributed to employees: "NYS has granted Stewart's a permit for shorter 20 minute meal periods for partners working over 6 hours. This allows you to be paid during your break as well as the flexibility to break up the day, while keeping good customer service."

Dkt. 46, ¶¶ 104-105.

Plaintiffs further allege that "[t]he Agreement to provide employees with a paid twenty minute break is also contained in several Permits obtained by defendant from the Department of Labor. Plaintiffs are intended and/or third party beneficiaries of these commitments to provide paid breaks." *Id.*, ¶ 106. Plaintiffs contend that they "have been damaged since they have been deprived an employee benefit that was promised by defendant. Such damage is measured by the value of the paid time off (PTO) that defendant has promised, yet, failed to deliver." *Id.*, ¶ 110. Plaintiffs' assert that they "and members of the New York Class therefore seek payment in an amount equal to their agreed rate of pay for each shift they worked of at least 6 hours and for which an uninterrupted break of 20 minutes was not given," as well as punitive damages. *Id.*, ¶ 111.

4

### B. Factual Background

#### 1. Defendant's Personnel Manual

Stewart's has distributed to its employees a Personnel Manual that summarizes some of the Company's policies and practices, including its policy on meal breaks. Def. Stat. Mat. Facts, ¶ 17.[1] The Personnel Manual contains language explicitly stating that "[t]his booklet is not representative of an implied employment contract." *Id.* ¶ 18.

#### 2. The Permits Issued by the NYS DOL

As permitted by NYLL §162(5),[2] the New York State Department of Labor ("NYS DOL") has issued to defendant a series of permits (the "Permits) allowing Stewart's to provide its employees with shorter meal periods than would otherwise be required under the NYLL. *Id.* ¶ 19. The Permits state that defendant "has received permission to set a meal period of not less than 20 minutes for the employees at the [respective Stewart's Shops]. The company must pay all employees their agreed rate during this shorter meal period. You must post this permit conspicuously in your establishment. The Commissioner may revoke this permission at any time." Dkt. # 47.

#### 3. Other Relevant Factual Background

Stewart's 30(b)(6) representative, Director of Personnel Anthony Carnevale, stated during his deposition:

Q. Is it Stewart's policy that you get a 20-minute uninterrupted break every day?

---

[1] The Court cites to the Defendants Statement of Material Facts where the plaintiffs have admitted the asserted fact.

[2] NYLL § 162 is the sole source of an employer's meal break obligations under New York state law. Subsections (1) through (4) of that statute govern the usual timing, frequency, and duration of meal breaks. Section 162(5) carves out an alternative means of compliance, providing that the Department of Labor "may permit a shorter time for meal periods" by issuing special permits.

5

A. Yes. Every day you work.

Q. Every day you work more than six hours, in fact. Right?

A. Yes.

Docket 63-7 (Deposition Transcript of Anthony Carnevale), pp. 163-164.

During their depositions, each of the named plaintiffs admitted that no deductions were made from their pay for breaks. Def. Stat. Mat. Facts, ¶ 21. Instead, plaintiffs seek payment for an additional twenty minutes of time (or some portion thereof) that they did not actually work as a remedy for the purported breaches of contract. *See* Dkt. 106-1, p. 12 ("[T]o be made whole … [Plaintiffs] need[] to be paid … for all time worked plus twenty minutes of pay for time [they] w[ere] not actually working."); SAC ¶ 110 (Plaintiffs "have been damaged since they have been deprived an employee benefit that was promised by defendant. Such damage is measured by the value of the paid time off (PTO) that defendant has promised, yet, failed to deliver."*).*

## IV.     DISCUSSION

In order to establish a breach of contract claim, plaintiffs must establish "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Landmark Ventures, Inc. v. Wave Sys. Corp.*, 513 F. App'x 109, 111 (2d Cir. 2013)). Defendants argue that plaintiffs' breach of contract claims fail because (1) an enforceable contract does not exist; ( 2) plaintiffs' breach of contract claims constitute impermissible "end runs" around NYLL § 162, a statute that plaintiffs concede does not provide a private right of action; and (3) plaintiffs have suffered no recoverable damages.

### A. Existence of an Agreement

The fact that Stewart's policy to pay employees for 20-minute meal breaks appears in the Personnel Manual does not create a binding contract to pay employees for breaks not taken. As this Court wrote in *Verrocchio v. Fed. Express Corp.*, 2011 U.S. Dist. LEXIS 20967 (N.D.N.Y. Mar. 3, 2011),

> "New York . . . recognize[s] an action for breach of contract when plaintiff can show that the employer made its employee aware of an express written policy limiting the right of discharge and the employee detrimentally relied on that policy in accepting employment." *Lobosco v. New York Telephone Company/NYNEX*, 96 N.Y.2d 312, 316, 751 N.E.2d 462, 727 N.Y.S.2d 383 (2001). An explicit disclaimer on a contractual relationship will defeat any claim of a contractual relationship. *Id.*

*Verrocchio*, 2011 U.S. Dist. LEXIS 20967, at *10.

The explicit disclaimer in the Personnel Manual defeats any claim of a contractual relationship formed by representations in that manual. *See Doe v. French*, 458 Fed. App'x. 21, 23 (2d Cir. 2012) (noting "[b]ecause the handbook contained an explicit disclaimer that it did not constitute an employment contract, [plaintiff] cannot maintain an explicit breach of contract action.") (citations omitted). "[C]ontrary to [plaintiffs'] argument, the [Personnel Manual] did not merely retain [the employer's] right to discharge [employees] at-will, but expressly precluded reliance upon the [Personnel Manual] as the foundation of *any* right or contract . . . Accordingly, no contractual relationship, express or implied, was formed." *Wait v. Beck's North America, Inc.*, 241 F. Supp. 2d 172, 185 (N.D.N.Y. 2003)(emphasis in original).

It is also well-settled that "a failure by an employer to follow its internal policies cannot form the basis of a breach of contract claim, unless … mutual assent to enter into an

7

implied-in-fact contract is shown." *Kunda v. Caremark PhC, L.L.C.*, 119 F. Supp. 3d 56, 61 (E.D.N.Y. 2015). Mutual assent cannot be shown where, as here, the Personnel Manual containing that policy also contains an express disclaimer of any contractual relationship. *See id.* at 62-64 (collecting cases).

The Permits issued by the NYS DOL, clearly within the scope of its regulatory powers, *see* NYLL § 162(5), do not constitute a contract between defendant and the NYS DOL. The Permits merely indicate that defendant "received permission to set a meal period of not less than 20 minutes" for its employees provided defendant paid employees during these breaks, but the NYS DOL reserved the right to revoke this permission at any time. This granting of permission, revokable by the NYS DOL, is not a contract and does not create any contractual rights between the NYS DOL and defendant. *See People ex. rel. Lodes v. Dept. of Health*, 189 N.Y. 187, 191 (1907) ("A license is not a contract or property, but merely a temporary permit issued in the exercise of the police powers to do that which otherwise would be prohibited."); *Pyramid Co. of Onondoga v. N.Y. State Dept. of Labor*, 223 A.D.2d 285, 287-88 (N.Y. App. Div. 3d Dept. 1996) ("The permits issued by DOT . . . do not create any contractual rights between the State and the petitioner."). Because the Permits do not create a contract, no third-party contractual rights flow to plaintiffs from the Permits. *See Allen v. Telergy Network Svcs., Inc.*, 52 A.D.3d 1094, 1097 (N.Y. App. Div. 3d Dept. 2008) (dismissing plaintiff's cause of action premised on plaintiff's status as a third-party beneficiary of a highway work permit because, "[i]nsofar as this Court has held that a highway work permit does not constitute a contract, plaintiff may not claim to be a third-party beneficiary thereunder"); *Banach v. Dedalus Found., Inc.*, 2010 N.Y. Misc. LEXIS

8

2614, at *10-*11 (Sup. Ct. New York Co. June 8, 2010) ("Where, as here, there is no enforceable contract, there can be no basis to assert a claim as a third-party beneficiary."); *see also Matter o/Liquidation of Union Indemnity Insurance Company of New York*, 200 A.D.2d 99, 108, 611 N.Y.S.2d 506 (N.Y. App. Div. 1st Dept. 1994) ("the essential foundation of any right of action a third-party beneficiary may have is a valid and binding contract"), *affd* 89 N.Y.2d 94, 674 N.E.2d 313, 651 N.Y.S.2d 383 (1996).

There is also no merit to plaintiffs' argument that the representations in the Personnel Manual and the Permits amount to a verbal agreement that defendant would pay employees for 20-minute meal breaks that were not taken. As indicated above, these documents do not amount to contracts, and violations of company policies, even if set forth in the Personnel Manual, do not form the basis of a breach of contract claim because mutual assent has not been demonstrated. Further, plaintiffs fail to present evidence supporting their claims that specific verbal agreements existed, or that Stewart's made any oral representations relating to paying for meal breaks that were not taken. Plaintiffs have not identified who specifically made such an offer on behalf of Stewart's, or when such an offer was made; nor have they provided any details regarding how or when such an offer was allegedly accepted by each employee. Plaintiffs have also failed to demonstrate a meeting of the minds, and have therefore failed to establish the existence of any enforceable verbal agreement. Instead, plaintiffs rely on conclusory assertions in support of their breach of contract claims, but conclusory assertions alone will not suffice to survive summary judgment. *See Silman v. Utica College*, 2016 U.S. Dist. LEXIS 106828 at *28 (N.D.N.Y. Aug. 12, 2016).

For these reasons, the Court finds that an enforceable contract to pay plaintiffs for

20-minute meal breaks they failed to take does not exist. Accordingly, defendant's motion must be granted. The Court, therefore, need not reach defendant's arguments that the breach of contract claims are impermissible "end runs" around NYLL § 162, or that plaintiffs have suffered no recoverable damages from the alleged breaches of contract.

## V.  CONCLUSION

For the reasons discussed above, defendant's motion for summary judgment [dkt. # 104] is **GRANTED**, and the breach of contract claims in this action are **DISMISSED**.

**IT IS SO ORDERED.**

Dated:September 28, 2017

_____
Thomas J. McAvoy
Senior, U.S. District Judge