UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOLLY GREGORY, MATTHEW POTTER, and ASTRID HALTEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STEWART'S SHOPS CORPORATION,<br><br>Defendant. | Civil Action No.:<br>7:14-cv-00033-TJM/ATB |

## ORDER GRANTING PRELIMINARY APPROVAL OF THE PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

This matter comes before the Court on the Parties' Motion for Preliminary Approval of the Joint Stipulation of Settlement and Release (the "Preliminary Approval Motion"). After review and consideration of the Joint Stipulation of Settlement and Release (the "Agreement"), the papers in support of the Preliminary Approval Motion, the proposed Class and Collective Notices, and the submissions and arguments of counsel, IT IS HEREBY ORDRED as follows:

1. Unless otherwise defined herein, all terms used in this order (the "Order Granting Preliminary Approval") will have the same meaning as defined in the Preliminary Approval Motion.

2. The Court grants preliminary approval of the Agreement. The proposed settlement, as embodied in the terms of the Agreement, appears to be a fair, reasonable, and adequate settlement of this case and in the best interests of the Named Plaintiffs, Opt-in Plaintiffs, and Rule 23 Settlement Class (as defined below), given the factual, legal, practical, and procedural considerations raised by this case.

3.     The Agreement appears to be the result of extensive, arm's-length negotiations between the Parties after Plaintiffs' counsel and Defendant's counsel had investigated the claims and became familiar with their strengths and weaknesses. The Parties were assisted by a neutral mediator and the assigned Magistrate Judge. The settlement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only, the following New York State class:

> Those individuals (other than the Named Plaintiffs and Opt-in Plaintiffs) who were employed by Defendant as a non-exempt employee in one of its convenient stores located in the State of New York from January 9, 2008 to December 31, 2018 (referred to herein as the "Rule 23 Settlement Class").

5.     The Rule 23 Settlement Class satisfies the settlement requirements for certification under Rule 23(a) and (b)(3). The Rule 23 Settlement Class is sufficiently numerous that joinder is impractical. Class members' claims share common issues of fact and law. At least one of the Named Plaintiffs' claims are typical of the claims of the putative Rule 23 Settlement Class members since they arise out of the same allegedly unlawful policy. The Named Plaintiffs are adequate representatives of the class because their interests are co-extensive with the interests of the class members and are not in conflict with them. Plaintiffs have also retained experienced counsel to represent the class. The questions of law and fact common to the Rule 23 Settlement Class predominate over individualized issues, and class action treatment for settlement purposes is a superior way to fairly and efficiently adjudicate the controversy.

6.     The proposed settlement also appears to comply with each of the requirements of Rule 23(e)(2) in that: (A) the class representatives and class counsel have adequately represented the class; (B) the proposed settlement was negotiated at arm's length; (C) the relief provided to the

class is adequate; and (D) the proposed settlement treats class members equitably relative to each other.

7. The Court appoints Holly Gregory, Matthew Potter, and Astrid Halten as class representatives.

8. The Court reaffirms its prior appointment of E. Stewart Jones Hacker Murphy as Class Counsel.

9. The Court approves the Parties' request to utilize a mutually agreed upon Settlement Claims Administrator to perform duties in accordance with the Agreement.

10. The Court finds that the procedures for notifying Putative Class Members about the Settlement, as described in the Agreement, provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs the mailing of the Notices in accordance with the Agreement.

11. The Court approves, as to form and content, the proposed Notices and Claim Form, attached as Exhibits 2 and 3 to the Preliminary Approval Motion. The Settlement Claims Administrator is authorized to mail those documents, after they are updated with appropriate information, dates, and deadlines consistent with the Agreement, as provided in the Agreement, and the Parties are authorized to carry out any other acts necessary to effectuate the settlement, as provided in the Agreement.

12. The Court will conduct a final Fairness Hearing on __September 17__, 2019 at in Binghamton, New York
__11:30__ a.m., for the purposes of: (a) making a final determination of the fairness, adequacy, and reasonableness of the settlement terms and procedures: (b) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and Service Awards to the Named Plaintiffs; (c) hearing any timely and properly filed objections; and (d) entering Judgment. The

3

Fairness Hearing may be continued without further notice to Class Members. The Parties shall file their motion for final approval of the settlement, Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and Service Awards on or before 15 days prior to the Fairness Hearing.

**IT IS SO ORDERED**.

DATED: July 24, 2019

Thomas J. McAvoy
Senior, U.S. District Judge