UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOLLY GREGORY, MATTHEW POTTER, and ASTRID HALTEN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>STEWART'S SHOPS CORPORATION,<br><br>        Defendant. | Civil Action No.:<br>7:14-cv-00033-TJM/ATB |

## ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

**WHEREAS,** in or about January of 2019, Named Plaintiffs Holly Gregory, Matthew Potter, and Astrid Halten, for themselves and on behalf of the Opt-In Plaintiffs and proposed Rule 23 Settlement Class, on the one hand, and Stewart's Shops Corporation, on the other hand, entered into a Joint Stipulation of Settlement and Release (the "Settlement Agreement"), contingent on Court approval; and

**WHEREAS,** on May 17, 2019, the Parties filed a Joint Motion for Preliminary Approval of the Settlement; and

**WHEREAS,** on July 24, 2019, the Court entered an Order granting preliminary approval of the Settlement and preliminarily certifying the Rule 23 Settlement Class (the "Preliminary Approval Order"); and

**WHEREAS,** pursuant to Federal Rule of Civil Procedure 23, the Court directed that Notice of the proposed Settlement and the applicable procedures and schedules be sent to the members of the Rule 23 Settlement Class (referred to collectively with the Named Plaintiffs and Opt-In Plaintiffs as the "Class Members"); and

1

**WHEREAS**, pursuant to Federal Rule of Civil Procedure 23, Class Members were given the opportunity to object to the Settlement and/or request to be excluded from the Rule 23 Settlement Class; and

**WHEREAS**, on December 18, 2019, Class Counsel filed a Motion for Final Approval of the Settlement, an Award of Service Payments to the Named Plaintiffs, and an Award of Attorneys' Fees and Costs, which motion was not opposed by Defendant; and

**WHEREAS**, on January 2, 2020, the Court held a Final Approval Hearing;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, upon consideration of the Settlement Agreement, and all papers filed and proceedings held in this Action, as follows:

1. Capitalized terms used in this Order and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all Class Members.

3. The Settlement Agreement, and the Settlement contained therein, is hereby fully, finally, and unconditionally approved in all respects, and the Parties are hereby directed to implement its terms. The Court finds that the Settlement is fair, reasonable, and adequate in all respects. The Court finds that the Settlement is fair, reasonable, and adequate as to all Class Members. The Court finds that extensive investigation, research, and litigation has been conducted such that counsel for all Parties are able to evaluate the respective risks of further litigation, including the additional costs, uncertainty, and delay associated with further prosecution of this Action. The Court also finds that the Settlement is the result of good-faith, extensive, arms' length negotiations between experienced counsel with the assistance of an independent and knowledgeable mediator.

4. The Court finds that the Settlement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e) because it is fair, adequate, and reasonable to the Rule 23 Settlement Class based upon: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the Class Members to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the Defendant to withstand a greater judgment; (8) the reasonableness of the settlement fund in light of the best possible recovery; and (9) the reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

5. The Court confirms as final its certification of the Rule 23 Settlement Class, as defined in the Settlement Agreement and in Paragraph 4 of this Court's July 24, 2019 Preliminary Approval Order.

6. The Court confirms as final its finding that Named Plaintiffs Holly Gregory, Astrid Halten, and Matthew Potter are adequate class representatives for the Rule 23 Settlement Class, and confirms as final its appointment of them as class representatives of the Rule 23 Settlement Class.

7. The Court confirms as final its finding that David I. Iversen, Esq. of the law firm of E. Stewart Jones Hacker Murphy, LLP is adequate to serve as Class Counsel for the Rule 23 Settlement Class, and confirms as final its appointment of them as Class Counsel for the Rule 23 Settlement Class.

8. The Notice and Claim Form that were sent to the Class Members pursuant to this Court's July 24, 2019 Preliminary Approval Order were accurate, objective and informative and were the best practicable means of providing reasonable notice to Class Members of, among other

things: (a) the proposed Settlement and its effect, (b) the process available to them to request a payment under the Settlement, (c) how they could object or opt-out, (d) the time and place of the Final Approval Hearing, and (e) the applications to be made by Class Counsel for (i) attorneys' fees and costs and (ii) service payments for the Named Plaintiffs. The Court finds that notice of these matters to the Class Members was accomplished in all material respects and that such notice fully met the requirements of Federal Rule of Civil Procedure 23, due process, the Constitution of the United States, the laws of the State of New York, and all other applicable laws.

9. The Settlement and the Settlement Agreement are binding in all respects on the Named Plaintiffs, Opt-In Plaintiffs, and all other Class Members who did not timely submit a valid and effective written request for exclusion from the Rule 23 Settlement Class pursuant to the provisions of the Settlement Agreement and this Court's July 24, 2019 Preliminary Approval Order.

10. The Court finds that the Settlement Agreement's provisions for the funding of the Qualified Settlement Fund ("QSF") and for the distribution of funds from the QSF, including, without limitation, the Settlement Agreement's provisions for the calculation and payment of individual awards to Participating Class Members are fair, reasonable, and adequate. The Court orders that the QSF be funded and that payments be made according to the provisions of the Settlement Agreement following the Effective Date of the Agreement.

11. The Court has reviewed the Releases set forth in the Settlement Agreement and the Claim Form and finds that they are fair, reasonable, and enforceable under the Fair Labor Standards Act, the New York Labor Law, and all other applicable laws. The Court is satisfied with the representations from Class Counsel and Defendant's Counsel that they are aware of no Class Members that are legally incompetent, disabled, or otherwise unable to enter into this Settlement

4

or otherwise object to the Settlement Agreement because of any disability, legal or otherwise. Class Members who failed to timely and properly exclude themselves from the Settlement are accordingly forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

12. The Court has reviewed all timely objections to the Settlement made by any Class Members and found them to be without merit.

13. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendant does not admit any violation of law and does not admit any liability to the Named Plaintiffs, the Opt-In Plaintiffs, or the Rule 23 Settlement Class, individually or collectively. Neither the Settlement Agreement nor any other papers submitted to this Court in connection with the Settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against any of the Parties for any purpose in this Action or any other suit, action, or proceeding, except that the Agreement may be introduced in any proceeding for the sole purpose of enforcing its terms, including but not limited to enforcing any and all releases of claims by Class Members contained therein.

14. In accordance with Section 3.2 of the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees and costs (including Plaintiffs' mediation fees and costs) in the amount of $225,000, to be paid from the QSF as specified in the Settlement Agreement following the Effective Date of the Agreement. Such an award is reasonable in light of the effort expended and the risk undertaken by Class Counsel and the results of such efforts.

15. In accordance with Section 3.3 of the Settlement Agreement, Named Plaintiffs Holly Gregory, Matthew Potter, and Astrid Halten are hereby awarded service payments in the

amount of $5,000 each, to be paid from the QSF as specified in the Settlement Agreement following the Effective Date of the Agreement.

16. The service payments awarded above are to compensate the Named Plaintiffs for the risks borne in commencing the Action and to compensate them for the time and effort expended in assisting in the prosecution of the Action. These service payments are in addition to any amounts the Named Plaintiffs may otherwise receive from the Settlement as members of the Rule 23 Settlement Class under the Settlement Agreement.

17. Upon the Effective Date, this Action shall be deemed dismissed with prejudice in its entirety. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and this Order. Pursuant to the Settlement Agreement, the amount of fees and expenses incurred by the Settlement Claims Administrator will be paid out of the Gross Settlement Amount.

18. The Court shall retain jurisdiction over this Action for the purpose of resolving any issues relating to the administration, implementation, or enforcement of the Settlement Agreement and this Order.

19. Upon the Effective Date, the Named Plaintiffs, the Opt-In Plaintiffs, and all Class Members who did not timely opt out are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released pursuant to the Settlement Agreement.

20. The Court finds that the Defendant properly and timely notified the appropriate state and federal officials of the Settlement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and orders that Defendant has fully complied with 28 U.S.C. § 1715.

**IT IS SO ORDERED AND JUDGMENT ENTERED.**

DATED: January _15_, 2020

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge